**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEON DAVID THOMAS,** | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-0851 |
| | : | |
| v | : | |
| | : | (JUDGE MANNION) |
| **R. VANCE,** | : | |
| | : | |
| Defendants | : | |
| | : | |

**MEMORANDUM**

**I.     Background**

Keon David Thomas, an inmate confined in the Rockview State Correctional Institution ("SCI-Rockview"), Bellefonte, Pennsylvania, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). The sole Defendant is R. Vance, SCI-Rockview Security Lieutenant. Id. Along with the filing of his complaint, Thomas submitted an application to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 2).

A court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. §1915A (actions in which prisoner seeks redress from a governmental

defendant); 42 U.S.C. §1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted). The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* will be granted for the sole purpose of filing the instant action, and the Plaintiff's complaint will be dismissed as legally frivolous.

II.     **Allegations in Complaint**

Plaintiff states that on December 20, 2018, he "found out that [his] personal property, specifically [his] television was destroyed by the security staff" and he "was given an opportunity to challenge or appeal the destruction, which is a violation of [his] Due Process rights." (Doc. 1). Specifically, Plaintiff claims that he "lent out [his] T.V. to another inmate, which was confiscated from that inmate" and Plaintiff "received no confiscation slip or misconduct for

lending and borrowing." Id. He claims that he "spoke to several institutional staff, to include CO Musser, CO II Woorster, CO II Crawford and CO IV Davis, all who assured [him] that [he'd] have [his] television returned or replaced." Id. Finally, he "sent CO III Vance a request to staff in regards to [his] T.V. and he responded that all contraband from October has been destroyed." Id.

Plaintiff files the instant action, alleging a violation of his Fifth and Fourteenth Amendment rights to Due Process and requesting that "the Department of Corrections replace [his] T.V. with either a new one or a tablet with all accessories." Id. He also requests punitive and nominal damages, claiming that "there is nothing in DOC policy that states that loaned property or personal property in another's possession is considered contraband" and that "no misconduct for lending or borrowing was issued to "Plaintiff" or the inmate who [he] lent the T.V. to", nor was he "issued a confiscated item receipt." Id.

### III. Discussion

In order to state a viable section 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws

3

of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Initially, it is determined that Plaintiff has failed to allege personal involvement of Defendant Vance. Specifically, he fails to allege that Defendant Vance was personally involved in any deprivation of his rights under the Constitution or any other law of the United States.

Moreover, to the extent that Plaintiff is alleging a Fourteenth Amendment deprivation of property without due process claim, his claim is not actionable under 42 U.S.C. §1983. See Coulson v. Mooney, 2015 WL 1034632 (M.D. Pa. 2015) (dismissing the complaint on screening because the plaintiff had an adequate post-deprivation remedy to address his claim that his cellmate deliberately destroyed his television and other personal property). The Supreme Court of the United States has held that neither negligent nor

intentional deprivations of property violate the Due Process Clause if there is a meaningful post-deprivation remedy for the loss. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527, 530 (1981). The Third Circuit Court of Appeals has "held that the prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process." Barr v. Knaueer, 321 Fed. Appx 101, 103 (3d Cir. 2009) (citing Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000). See also Griffin-El v. Beard, 2010 WL 1837813 (E.D. Pa. 2010) (concluding that a "prisoner's 'failure to [properly] avail himself of such remedy does not affect its adequacy as a post-deprivation remedy'"). Additionally, "the failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Gordon v. Vaughn, 1999 WL 305240 (E.D. Pa. May 12, 1999) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995).

Moreover, Plaintiff has another post-deprivation remedy, namely a state conversion action. See Crosby v. Piazza, 2012 WL 641938 (3d. Cir. 2012) (holding that to the extent an inmate "is dissatisfied with the outcome of the administrative process, he may still file a state court tort action"); Reavis v. Poska, 2010 WL 2511379 (W.D. Pa. 2010) ("Plaintiff, cannot as a matter of law, make a claim under the Fourteenth Amendment for a deprivation of

5

property without due process" because the DOC's "internal grievance procedure and the availability of a state tort suit in state court provide adequate post deprivation remedies."); 42 Pa.C.S.A. §8522(a), (b)(3).

Plaintiff states in his complaint that he participated in a meaningful post-deprivation grievance procedure, but that his grievance was dismissed as untimely. (Doc. 1). As discussed, if a meaningful post-deprivation grievance procedure is available, regardless of whether the result of this grievance procedure is favorable to the plaintiff, the plaintiff will not have a claim for a violation of the Due Process Clause of the Fourteenth Amendment. Therefore, in accordance with the aforementioned precedential case law, Plaintiff has failed to not only allege personal involvement of the only named Defendant, but has also failed to allege a Fourteenth Amendment violation of the Due Process Clause. As such, it is determined that Plaintiff has failed to establish the existence of a constitutional injury actionable under section 1983, and the complaint will be dismissed.

## IV. Conclusion

In light of the foregoing, the above captioned action, filed pursuant to 42 U.S.C. §1983, will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. §1915(e)(2)(B)(i), and the case will be closed. A separate Order will

property without due process" because the DOC's "internal grievance procedure and the availability of a state tort suit in state court provide adequate post deprivation remedies."); 42 Pa.C.S.A. §8522(a), (b)(3).

Plaintiff states in his complaint that he participated in a meaningful post-deprivation grievance procedure, but that his grievance was dismissed as untimely. (Doc. 1). As discussed, if a meaningful post-deprivation grievance procedure is available, regardless of whether the result of this grievance procedure is favorable to the plaintiff, the plaintiff will not have a claim for a violation of the Due Process Clause of the Fourteenth Amendment. Therefore, in accordance with the aforementioned precedential case law, Plaintiff has failed to not only allege personal involvement of the only named Defendant, but has also failed to allege a Fourteenth Amendment violation of the Due Process Clause. As such, it is determined that Plaintiff has failed to establish the existence of a constitutional injury actionable under section 1983, and the complaint will be dismissed.

## IV. Conclusion

In light of the foregoing, the above captioned action, filed pursuant to 42 U.S.C. §1983, will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. §1915(e)(2)(B)(i), and the case will be closed. A separate Order will

be issued.

                                                 s/ *Malachy E. Mannion*
                                                 **MALACHY E. MANNION**
                                                 **United States District Judge**

**Dated: July 10, 2019**
19-0851-01